### STANDARD TRANSFORMER CO. v. UNITED STATES.

No. 45924.

Court of Claims.

March 3, 1947.

Prentice E. Edrington, of Washington, D. C., for plaintiff.

Mary K. Fagan, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, MADDEN, JONES, and WHITAKER, Judges.

LITTLETON, Judge.

Plaintiff sues to recover $3,350 deducted by defendant as liquidated damages under a contract for alleged delay of 67 days in delivering four electrical transformers within the time required by the contract.

Article 1 of the Standard Contract, Form 32, Supplies, provided for "deliveries" of the four transformers "Within 80 calendar days at contractor's shipping point at Warren, Ohio, after date of receipt of formal order." The formal order was received February 25, 1939, therefore, fixing May 15, 1939, as the end of the period for delivery. Article 5, entitled "Delays—Liquidated Damages," provided that "If the contractor refuses or fails to make delivery of the materials or supplies within the time specified in Article 1, or any extension thereof, * * * liquidated damages for each calendar day of delay in making delivery," would be paid by plaintiff at the rate of $50 a day. Except for the right of the defendant to terminate the right of the contractor to proceed with delivery under Articles 1 and 5, there was no other provision in the contract which provided for damages in favor of defendant in connection with the delivery of the transformers within 80 days under the terms of Articles

1 and 5. The four transformers were delivered by plaintiff at its shipping point at Warren, Ohio, on May 1, 1939 (finding 9), and we agree with plaintiff's contention that defendant was not authorized by the terms of the contract to charge and deduct liquidated damages for failure of the contractor "to make delivery * * * within the time specified in Article 1."

Defendant says, however, that since the transformers developed defects when they were put in use and given a final test at the Flathead River Pumping Plant of the Flathead Indian Irrigation Project, the liquidated damages of $50 a day provided for in Article 5 (finding 3), continued until all defects had been corrected by plaintiff.

We cannot agree. The transformers were tested at plaintiff's factory as required by Articles 20 and 37 of the specifications and met such tests (findings 4, 5 and 6). Article 4 of the contract and Articles 20 and 23 of the specifications (finding 4), contemplated that defects might develop when the transformers were placed in operation by defendant in connection with the final inspection and acceptance thereof, and specific provisions were made in these articles with reference to the excess costs and/or damages for which plaintiff would be liable in the event of rejection of the transformers or failure of the contractor to correct defects. Article 4(a) of the contract (finding 4) provided in part that "In case any articles are found to be defective in material or workmanship, or otherwise not in conformity with the specification requirements, the Government shall have the right to reject such articles, or require their correction." None of the transformers was rejected but defendant called upon plaintiff to correct certain latent defects in certain material used in the transformers that developed when the transformers were put in use at the pumping plant, and plaintiff promptly corrected these defects at its own expense. In these circumstances plaintiff did not become liable to defendant for any excess costs or liquidated damages under Article 4 of the contract or Article 23 of the specifications.

Plaintiff is entitled to recover the sum of $3,350 deducted and withheld by defendant from the amount otherwise due plaintiff under the contract. Judgment will be accordingly entered. It is so ordered.

MADDEN, JONES, and WHITAKER, Judges, concur.

WHALEY, Chief Justice, took no part in the decision of this case.